

*U.S. Department of Justice*

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York  11201*

Ioriomotinlimn.wpd

September 12, 2010

The Honorable Carol B. Amon
United States District Judge
United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re: United States v. Joseph Iorio
          Criminal Docket No. 10-340 (S-2)(CBA)

Dear Judge Amon:

      This letter is submitted in support of the government's motion in limine to preclude cross-examination of a potential government witness, Leticia Rojas, regarding a pending state administrative proceeding with implications of criminal liability.

**I.   ISSUE PRESENTED:**

      Leticia Rojas is the owner and operator of a trucking business, Leticia, Inc.  In 2008, Rojas was recruited by the defendant Joseph Iorio to participate in a kickback scheme that forms the basis of the charges contained in the above-referenced indictment.

      Rojas reported the scheme to law enforcement and under its supervision recorded conversations with Iorio, during which they discussed the aforesaid scheme.  She is prepared to testify at trial.  However, on Thursday, September 9, 2010, the State of New Jersey, Department of Environmental Protection ("DEP")issued a Notice revoking Leticia, Inc. of its license to transport hazardous waste and barred Rojas from that industry.

      The gravamen of the allegations supporting the revocation is that from June 2005 to February 2006, Rojas and Leticia, Inc. allowed trucking companies not licensed to transport hazardous waste to perform subcontract work for Leticia, Inc., failed to carry proper insurance for that business and made false statements in furtherance of these violations.  As

reflected in the Notice of Revocation, the false statement allegations implicate potential criminal penalties.  Rojas has 30 days to appeal the revocation and debarment.

   Rojas's counsel has indicated that Rojas is prepared to testify regarding the events underlying Iorio's indictment and will discuss other matters of impeachment contained in the government's letter disclosed to the defense on September 10, 2010.  However, she will assert her Fifth Amendment privilege against self-incrimination with respect to the allegations underlying the revocation of her license.  Nonetheless, Rojas will acknowledge the existence of that proceeding and state that because of the pending nature of that matter she is invoking her privilege against self-incrimination with respect to questions regarding it.  Finally, Rojas will acknowledge that while the government has informed her that it can not and will not intervene in the DEP proceeding, she intends to bring to the DEP's attention her assistance in the prosecution of the defendant.

II.   **LEGAL AUTHORITY:**

   Case authority amply supports the proposition that a defendant's right to confrontation is not violated by the Court's preclusion of cross-examination on collateral matters, so long as the witness testifies fully regarding the subject matter of the case.  United States v. Brooks, 82 F. 3d 50 (2d Cir. 1996) (court did not commit error by failing to strike testimony after witness on cross-examination refused to testify regarding uncharged drug deals); United States v. Yip, 930 F.2d 142, 147 (2d Cir. 1991) (district court properly declined to strike the testimony of a witness who asserted Fifth Amendment privilege regarding check cashing and kickback scheme); United States v. DiGiovanni, 544 F.2d 642, 645 (2d Cir. 1976) (no error in district court's refusal to strike testimony of government witness who invoked the Fifth Amendment with respect to cross-examination regarding absconding with a rented car and casing a bank).  See also United States v. Cardillo, 316 F.2d 606, 611 (2d Cir 1963}.

   Here Iorio's right to confront Rojas would not be violated by the Court's preclusion of cross-examination on the collateral matter of the pending DEP proceeding, because Rojas will testify fully regarding her knowledge of the scheme to defraud charged in the indictment.  Moreover, any cross-examination regarding the pending DEP proceeding would be of limited relevance because it primarily involves events occurring in 2005 - 2006, well before the period charged in the indictment, and does not relate to any of the facts directly in issue.

3

Indeed, most of the facts in this case are not in dispute as the bulk of the government's evidence will consist of recorded conversations between Rojas and Iorio. Regardless, there is ample impeachment material available to the defense, as outlined on the government's Giglio letter of September 10, 2010.

Indeed, Iorio should welcome Rojas's presence despite the limited circumscription of cross-examination proposed. At the afternoon proceeding of September 10, 2010, counsel for Iorio asserted that Rojas was the person who initiated Iorio's participation in the charged scheme to defraud and that he had never instructed her to inflate bids to his competitors as alleged in the indictment. Rojas is willing to testify regarding these assertions and her presence will afford Iorio an opportunity to question her regarding those claims.

**III.   CONCLUSION:**

In sum, the Court is within its discretion to permit Rojas to testify and assert her privilege against self-incrimination with respect to the limited issue of the allegations underlying the recent license revocation proceeding. That assertion will not unduly restrict the defendant's inquiry as to the charged conduct and indeed will afford him an opportunity to advance any defense he might have. Accordingly, the Court should permit Rojas to testify, despite her limited invocation of her Fifth Amendment privilege.

        Respectfully submitted,

        LORETTA E. LYNCH
        UNITED STATES ATTORNEY
        EASTERN DISTRICT OF NEW YORK

By: _____
    Michael H. Warren
    Assistant U.S. Attorney

cc: Gordon Mehler, Esq. (By ECF)